UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

DIEGO ARMANDO MENDEZ-PARRA      Case No. 7-19-11490-JL

    Debtor.

### STIPULATED ORDER GRANTING SUNTRUST BANK RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 7415 SIERRA LUZ DR LAS CRUCES, NEW MEXICO 88012

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to SunTrust Bank, filed on August 21, 2019, (DOC 16) (the "Motion") by SunTrust Bank ("Creditor"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On August 21, 2019, Creditor served the Motion and a notice of the Motion (the "Notice") on R. Trey Arvizu, III, Attorney for Debtor, and Clarke C. Coll, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Diego Armando Mendez-Parra, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 7415 Sierra Luz Dr Las Cruces, New Mexico 88012, more fully described as:

> Lot 149, of ENTRADA DE SIERRA SUBDIVISION PHASE 1, located in the City of Las Cruces, County of Doña Ana, State of New Mexico as shown on Plat thereof recorded on August 10, 2007 in Plat Book 22, at Pages 291-293 as Plat No. 4621, records of Doña Ana County.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 17, 2019;

(f) On September 10, 2019, the Debtor filed a response to the Motion (Doc 18), no other party in interest file a response;

(g) The Motion is well taken and should be granted as provided herein;

(h) The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Creditor's Motion, now enter this Order lifting the automatic stay and providing for the abandonment of property.

(i) The parties stipulate and agree that the order will not be entered prior to September 30, 2019

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

5953-258-B 7176565.docx mdb
4
Case 19-11490-j7    Doc 24    Filed 10/07/19    Entered 10/07/19 17:11:39 Page 4 of 5

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/ Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


APPROVED BY:

*Approved via email on October 4, 2019*
R. Trey Arvizu, III
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004-1479
Telephone: (575) 527-8600
trey@arvizulaw.com



Copied to:

Diego Armando Mendez-Parra
Debtor
7415 Sierra Luz Dr.
Las Cruces, NM 88012

Clarke C. Coll
Chapter 7 Trustee
P.O. Box 2288
Roswell, NM 88202-2288
Telephone: 575-623-2288